IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **LYNN FREDERICK,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | C.A. No. |
| : | |
| **AVANTIX LABORATORIES, INC.**, a : | |
| Delaware corporation; and **LINYEE** : | |
| **SHUM, individually,** : | |
| : | |
| : | Jury Trial Demanded |
| : | |
| : | |
| **Defendants.** : | |

## COMPLAINT

1. This is a civil action for compensatory and punitive damages for retaliatory violations of Title VII of the Civil Rights Act of 1964 and the Delaware Discrimination in Employment Act all in violation of their opposition clauses.

## I. JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII"); 42 U.S.C. §1981A; the Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071; 28 U.S.C. §§ 1331, 1337, 1343, 2201, and 2202. The Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 which provides for supplemental jurisdiction.

3. All conditions precedent to jurisdiction under Title VII and 19 Del. C. § 710 et seq., have occurred or have been complied with. On or about August 4, 2004, within 300 days of commission of any unlawful employment practice, plaintiff filed charges of employment discrimination based on gender, harassment, and discrimination with the Delaware Department

of Labor ("DDOL") and the Equal Employment Opportunity Commission ("EEOC"). The EEOC mailed its right to sue letter to plaintiff on August 1, 2007. Plaintiff has filed this Complaint in the Delaware District Court within 90 days of the receipt of said right to sue letter.

4. The unlawful employment practices and discrimination alleged herein were committed within the State of Delaware.

## II.  THE PARTIES

5. Plaintiff Lynn Frederick is a citizen of the United States and a resident of New Castle County, Delaware. At all times material hereto plaintiff was an employee of defendants within the meaning of Title VII and 19 Del. C. § 710 et seq.

6. Defendant Avantix Laboratories, Inc. is a Delaware corporation organized under Title 8 of the Delaware Code. Its registered agent is The First State Registered Agent Company, 1925 Lovering Avenue, Wilmington, DE 19806.

7. Defendant Linyee Shum ("Shum") is Executive Director of Avantix Laboratories, Inc., located at 57 Reads Way, New Castle, DE 19720. He is included as a defendant in his capacity as an employer of the plaintiff.

8. At all times material hereto the defendants were acting as an employer within the meaning of the governing statutes.

9. The actions of defendants, defendant's agents and defendant's employees, were deliberately, willfully, purposefully and knowingly done in violation of federal and state protected rights and because of the exercise of those rights. The defendants, defendant's agents and defendant's employees either knew or showed a negligent or reckless disregard for the matter of whether their conduct violated federal and state rights. Their actions were outrageous and taken with evil motive, in bad faith, out of personal animus and without any reasonable

grounds to support them. Their actions were wanton and malicious or taken with reckless indifference to federal and state protected rights.

### III. FACTS GIVING RISE TO THE ACTION

10. On June 7, 2004, plaintiff was hired as the quality assurance manager for Avantix Laboratories, Inc. by Shum.

11. Immediately after she was hired, Shum, plaintiff's supervisor, began making inappropriate comments to plaintiff, such as telling her the details of his sex life and his plans to start an escort service.

12. Plaintiff complained to the Human Resources department about Shum's inappropriate comments on September 15, 2004, which informed Shum of plaintiff's complaints.

13. On September 30, 2004 another employee of defendant Avantix Laboratories, Inc., Ms. Krista Wriston, informed plaintiff that Shum had asked her to go to Florida with him and told her this would advance her career.

14. On or about October 4, 2004 plaintiff learned that Krista Wriston had resigned and had filed a charge of sexual harassment against defendants with the Delaware Department of Labor.

15. On October 7, 2004, plaintiff, along with every other employee of Defendants, signed a letter addressed to Shum asking him to stop sexually harassing them, to comply with the Delaware Wage Payment and Collection laws, and to comply with Delaware and federal law generally regarding the working environment at Avantix Laboratories, Inc.

16. In November 2004, an investigator from the Delaware Department of Labor interviewed plaintiff as part of his investigation of Krista Wriston's sexual harassment charge against defendants.

17. Plaintiff complied with the investigator's request for an interview and cooperated with the investigation.

18. Immediately after plaintiff spoke to the investigator about that former employee's charge of sexual harassment, Shum began sending emails to plaintiff telling her to keep information confidential and that he believed that hostile employees were trying to plot against him.

19. In November 2004, Shum screamed at plaintiff over incidents that were out of her control and beyond the scope of her job duties.

20. In December 2004, Shum began interfering with plaintiff's job duties as manager of quality assurance.

21. On January 7, 2005, plaintiff wrote a letter to Shum specifically asking him to stop harassing her.

22. Starting in February 2005, Shum started blaming plaintiff for incidents that were out of her control and not within the scope of her job duties.

23. On March 28, 2005 plaintiff was demoted from quality assurance manager to quality assurance specialist.

24. Shum's stated reasons for demoting plaintiff were not legitimate.

25. Shum's stated reasons for demoting plaintiff included complaints about plaintiff's performance on accounts where the customer instead had expressed satisfaction to her about her performance.

26. Shum's stated reasons for demoting plaintiff also included complaints about accounts for which the plaintiff had no responsibility.

27. On August 3, 2005, plaintiff was terminated.

28. On August 4, 2005, plaintiff filed a charge with the Delaware Department of Labor alleging that she was discriminated against because of her gender, was subject to sexual harassment creating a hostile work environment, and that Shum retaliated against her for opposing a practice made illegal under the anti-discrimination laws.

29. On September 29, 2006 the Delaware Department of Labor issued its Final Determination and Right to Sue in plaintiff's case, DDOL Charge No. 05080354W. After a thorough investigation, the Delaware Department of Labor issued a finding of reasonable cause to believe that an unlawful employment practice, a violation of 19 Delaware Code, Chapter 7, had occurred.

30. The Delaware Department of Labor issued a reasonable cause determination and notice of mandatory conciliation with Thomas J. Smith, Labor Law Enforcement Supervisor, scheduled for October 20, 2006.

31. On October 20, 2006, defendant Shum failed to appear for the mandatory conciliation.

32. Immediately upon defendant Shum's failure to appear for the mandatory conciliation, plaintiff formally requested that the Equal Employment Opportunity Commission issue a federal right to sue letter.

33. The EEOC issued a right to sue letter in plaintiff's case, Charge No. 17C-2005-00505, on August 1, 2007.

**PLAINTIFF'S PERFORMANCE**

34. Plaintiff at all times diligently and skillfully performed her duties as quality assurance manager, which included monitoring outgoing products to ensure compliance and upholding the quality assurance systems for Avantix Laboratories, Inc.

35. Plaintiff received feedback from clients that they were pleased with her performance throughout her employment at Avantix Laboratories, Inc.

36. In September 2004, prior to her engagement in protected activities, plaintiff received positive feedback from Shum regarding her job performance.

37. In February 2005 plaintiff received a bonus in reward for her performance.

### PLAINTIFF'S PROTECTED ACTS WERE THE PRIMARY REASON FOR DEMOTION AND DISCHARGE

38. Plaintiff's verbal and written opposition to defendants' unlawful employment practices and participation in an investigation by the Delaware Department of Labor of defendants' unlawful employment practices constituted protected activities pursuant to 42 U.S.C. § 2000e(3)(a) ("Other unlawful employment practices") and 19 Del. C. 711(f) ("Unlawful employment practices; employer practices").

39. Defendants were aware of plaintiff's protected acts.

40. The primary basis for plaintiff's demotion and discharge was that she undertook these protected acts.

### PLAINTIFF'S INJURIES

41. As a direct and proximate result of the wrongful actions of defendants, defendant's employees and/or defendant's agents as detailed herein, plaintiff suffered and is suffering emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of benefits, back pay, future economic loss, front pay, humiliation, embarrassment, and other injury and non-pecuniary losses.

42. Additionally, defendants, their agents and employees engaged in the discriminatory practices with malice or with reckless indifference to plaintiff's federally and state protected rights, and defendants are liable for punitive damages.

## COUNT I
## (TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et seq. )

43.     Plaintiff repeats and realleges paragraphs 1-42 set forth above.

44.     Plaintiff engaged in protected acts under 42 U.S.C. § 2000e-3(a), by opposing practices made unlawful under 42 U.S.C. § 2000e, et seq.

45.     The defendants discharged plaintiff in retaliation for those protected acts, in violation of 42 U.S.C. § 2000e, et seq., which makes it illegal to discharge or discriminate against an employee who engages in them.

46.     Plaintiff's statutory right under 42 U.S.C. § 2000e, et seq. to oppose unlawful employment practices free of employment discrimination has been denied.

## COUNT II
## (DELAWARE DISCRIMINATION IN EMPLOYMENT ACT, 19 DEL.C. 710, et seq.)

47.     Plaintiff repeats and realleges paragraphs 1-46 set forth above.

48.     Plaintiff engaged in protected acts under 19 Del. C. §711(f), by opposing practices made unlawful under the Delaware Discrimination in Employment Act, 19 Del. C. §710, et seq., and participating in an investigation under 19 Del. C. §710, et seq.

49.     The defendant discharged plaintiff in retaliation for those protected acts, in violation of 19 Del. C. § 710, et seq., which makes it illegal to discharge or otherwise discriminate against an employee who engages in them.

50.     Under 19 Del. C. § 710, et seq., plaintiff's statutory right to oppose unlawful employment practices and participate in Department of Labor investigations free of employment discrimination has been denied.

**WHEREFORE**, plaintiff prays that the Court:

(a) Enter judgment against the defendants,

(b) Enter a declaratory judgment declaring the acts of the defendants to be a violation of plaintiff's statutory rights.

(c) Enter a judgment against the defendants for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of benefits, back pay, future economic loss, front pay, humiliation, embarrassment, and other injury and non-pecuniary losses.

(d) Enter a judgment against defendants for punitive damages.

(e) Award plaintiff's costs, pre and post judgment interest, and attorneys' fees for this suit.

(f) Expunge plaintiff's personnel files of any derogatory information relating to this matter.

(h) Require such other and further relief as the Court deems just and proper under the circumstances.

Date: October 29, 2007

**THE NEUBERGER FIRM, P.A**

/s/ Raeann Warner
**THOMAS S. NEUBERGER, ESQUIRE (#243)**
**RAEANN WARNER, ESQUIRE (#4931 )**
**Two East Seventh Street, Suite 302**
**Wilmington, Delaware 19801**
**(302) 655-0582**
**TSN@NeubergerLaw.com**
**RW@NeubergerLaw.com**

Federick, Lynn/Pleadings/Complaint/Complaint final.wpd

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
LYNN FREDERICK

### DEFENDANTS
AVANTIX LABORATORIES, INC., a Delaware corproation; and LINYEE SHUM, individually.

(b) County of Residence of First Listed  New Castle
   (EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed  New Castle
   (IN U.S. PLAINTIFF CASES ONLY)
   NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
THE NEUBERGER FIRM, P.A.
TWO EAST SEVENTH STREET, SUITE 302
WILMINGTON, DE 19801
302-655-0582

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- X 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 30 Miller Act | ☐ 315 Airplane Product Liability | ☐ Med. Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 40 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws |  | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 50 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 51 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 52 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 53 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 60 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  |  |  | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☒ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | X 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS |  |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property |  | ☐ 550 Civil Rights |  |  |  |
|  |  | ☐ 555 Prison Condition |  |  |  |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- X 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

This is an action under 42 U.S.C. § 2000e, et seq. for damages for compensatory and punitive damages for violations of Title VII of the Civil Rights Act of 1964.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ OVER $75,000    CHECK YES only if demanded in complaint:
JURY DEMAND:    X Yes    ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE 10/29/07

SIGNATURE OF ATTORNEY OF RECORD [signature]

JS 44 Reverse (Rev. 3/99)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b.) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. __0 7 - 6 7 7__

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF __3__ COPIES OF AO FORM 85.

__OCT 2 9 2007__

(Date forms issued)

_____
(Signature of Party or their Representative)

__Raeann Warner__
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action