IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LYNN FREDERICK, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 07-677-JJF |
| AVANTIX LABORATORIES, INC., | : |
| Defendant. | : |

**MEMORANDUM ORDER**

Pending before the Court is a Motion for Summary Judgment filed by Defendant, Avantix Laboratories, Inc. For the reasons discussed, the Court will deny Defendant's Motion.

**I.   The Parties' Contentions**

Plaintiff, Lynn Frederick, initiated this action against Defendant alleging claims of illegal retaliation based on Title VII of the Civil Rights Act of 1964, and parallel state law, 19 Del. C. § 170, et seq. (D.I. 1.) Plaintiff contends that her demotion and termination from Defendant's employment were acts of illegal retaliation by Defendant based on her (1) participation in an investigation of Defendant's Executive Director and CEO, Dr. Linyee Shum ("Shum"), by the Delaware Department of Labor concerning complaints of sexual harassment against Shum by two other female employees; (2) complaints to Shum about sexual harassment in a letter and verbally; and (3) refusal to sign an allegedly false affidavit prepared by Shum's attorney in the harassment action brought by the two other female employees.

Defendant contends that it is entitled to summary judgment on Plaintiff's claims.[1] Essentially, Defendant's primary argument is that Plaintiff cannot establish a causal connection between her engagement in protected activity and the adverse employment actions taken against her.[2] <u>Moore v. City of Philadelphia</u>, 461 F.3d 331, 340-41 (3d Cir. 2006) (holding that a plaintiff must show that: (1) he or she engaged in an activity protected by Title VII; (2) the employer took a "materially adverse" employment action; and (3) a causal connection exists between the employee's protected activity and the adverse employment action). In addition, Defendant contends that even if Plaintiff can establish a prima facie case of retaliation, Defendant has advanced a legitimate nondiscriminatory reason for Plaintiff's demotion and termination, namely her poor work performance, and therefore, Defendant is entitled to summary

---

[1] Although Defendant argues that Plaintiff has failed to introduce evidence concerning sexual harassment and gender discrimination, Plaintiff has made clear in her Answering Brief that she is only alleging claims based on retaliation. (D.I. 53 at 25, n.6). Accordingly, the Court will not address arguments advanced by Defendant that are unrelated to this claim.

[2] Defendant also attempts to argue that Plaintiff did not engage in a protected activity because Shum did not know Plaintiff was interviewed by the DOL or that Plaintiff had contacts with the parties who advanced the sexual harassment claims against him. Defendant further contends that even if Shum had known of Plaintiff's conduct, he would not have been upset. (D.I. 50 at 11.) However, it is evident to the Court that these facts go to the third element of the prima facie case, i.e. causation, and not to the first element, i.e. that the plaintiff engaged in protected activity.

judgment. Plaintiff opposes Defendant's Motion contending that genuine issues of material fact remain for determination by a jury.

## II. Standard of Review

Under Fed. R. Civ. P. 56(c), a party is entitled to summary judgment if a court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. When considering whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the non-movant, and resolve all reasonable inferences in the non-movant's favor. Wishkin v. Potter, 476 F.3d 180, 184 (3d Cir. 2007). However, a court should not make credibility determinations or weigh the evidence. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).

The movant bears the burden of proving the absence of a genuine issue of material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 n. 10 (1986). Once the movant offers such proof, the non-movant "must come forward with 'specific facts showing [a] genuine issue for trial.'" Id. (quoting Fed. R. Civ. P. 56(e)).

## III. Discussion

After reviewing the parties' arguments in light of the applicable standard of review, the Court concludes that genuine issues of material fact exist in this case that preclude the Court from granting summary judgment in favor of Defendant. Plaintiff has advanced evidence regarding each of the prongs of the prima facie case, and despite Defendant's assertion of a legitimate non-discriminatory reason for Plaintiff's termination, there is ample evidence in the record creating questions of fact concerning whether this reason was a pretext for discrimination. Plaintiff has advanced evidence of discriminatory animus and motive, harassment toward Plaintiff, and has demonstrated inconsistencies in the evidence, which the Court concludes may lead a reasonable fact-finder to disbelieve Defendant's non-discriminatory reason or believe that a discriminatory reason was more likely than not the motivating or determinative cause behind Plaintiff's demotion and termination. <u>Fuentes v. Perskie</u>, 32 F.3d 759, 764 (3d Cir. 1994). Further, much of the evidence in this case turns on credibility determinations which must be left to the trier-of-fact.

NOW THEREFORE, IT IS HEREBY ORDERED that Defendant Avantix's Motion for Summary Judgment (D.I. 49) is **DENIED**.

_July 20, 2010_
DATE

_[signature]_
UNITED STATES DISTRICT JUDGE

4