IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LYNN FREDERICK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AVANTIX LABORATORIES INC.,<br><br>　　　　　Defendant. | :<br>:<br>:<br>:<br>:  C.A. No. 07-677-LPS<br>:<br>:<br>:<br>: |

Thomas S. Neuberger, Esquire and Raeann Warner, Esquire of THE NEUBERGER FIRM, P.A., Wilmington, Delaware.

Counsel for Plaintiff.

Erin K. Brignola, Esquire of COOPER LEVENSON APRIL NIEDELMAN & WAGENHEIM, P.A., Bear, Delaware.
Kevin J. Thornton, Esquire of COOPER LEVENSON APRIL NIEDELMAN & WAGENHEIM, P.A., Atlantic City, New Jersey.

Counsel for Defendant.

John V. Fiorella, Esquire of ARCHER & GREINER, P.C., Wilmington, Delaware.

Counsel for TDM Pharmaceutical Research, LLC.

## MEMORANDUM OPINION

March 29, 2011
Wilmington, Delaware.

![signature](Stark signature)

**Stark, District Judge:**

## I. INTRODUCTION

Presently before the Court is Plaintiff's Motion to Amend Complaint and Join TDM Pharmaceutical Research, LLC as a Defendant in this Case. (D.I. 69) For the reasons below, the Court will grant Plaintiff's motion.

## II. BACKGROUND

Plaintiff filed the Complaint in this action on October 29, 2007 against her former employer Avantix Laboratories, Inc. ("Avantix"). (D.I. 1) Avantix is a corporation organized under Delaware law. (*Id.*) Alleging that she was demoted and fired for opposing sexual harassment and retaliation, Plaintiff seeks damages under Title VII of the Civil Rights Act of 1964 and the Delaware Discrimination in Employment Act. Plaintiff's accusations center on conduct of Linyee Shum ("Shum"), the president, CEO, and sole director of Avantix. (*Id.*)

By her motion, Plaintiff seeks to add TDM Pharmaceutical Research, LLC ("TDM")[1] as a defendant. TDM is a Delaware limited liability company formed by Shum's wife, Daphen Shum, in August of 2008. Plaintiff argues that TDM is the same entity as, or a continuation of, Avantix. TDM's website is nearly identical to Avantix's former website. Advantix's homepage is still active, but all links on that page lead to TDM's current website.

Until at least January of this year, TDM stated on its website that it formerly was Avantix.[2] At one point, the site also indicated that TDM was founded in 1998; in actuality, TDM

---

[1] Avantix and TDM will collectively be referred to as "Defendants."

[2] On January 10, 2011, the "Company History" page of the TDM website stated "TDM Pharmaceutical Research (formerly Avantix Laboratores [sic]), is a privately held company, founded in 1998 by Linyee Shum, Ph.D." (D.I. 69 Ex. C at TDM-1)

1

was formed in 2008 while Avantix was formed in 1997. Additionally, various pages on TDM's site contained copyright notices identifying Avantix as the copyright owner.

Plaintiff filed the instant motion on January 11, 2011. (D.I. 69) Avantix and TDM separately oppose the motion. (D.I. 75; D.I. 77) Briefing on the motion was completed on March 4, 2011. (D.I. 78)

## III. LEGAL STANDARDS

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been filed, a party may amend its pleading "only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." The decision to grant or deny leave to amend lies within the discretion of the court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Third Circuit has adopted a liberal approach to the amendment of pleadings. *See Dole v. Arco*, 921 F.2d 484, 487 (3d Cir. 1990). In the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, the amendment should be freely granted, unless it is futile or unfairly prejudicial to the non-moving party. *See Foman*, 371 U.S. at 182; *In re Burlington*, 114 F.3d at 1434. An amendment is futile if it is frivolous, fails to state a claim upon which relief can be granted, or "advances a claim or defense that is legally insufficient on its face." *Koken v. GPC Int'l, Inc.*, 443 F. Supp. 2d 631, 634 (D. Del. 2006). Delay alone is an insufficient reason to deny leave to amend, but there is grounds to deny amendment if the delay is coupled with either an unwarranted burden on the court or undue prejudice to the non-moving party (as a result of the amendment). *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). A party may suffer undue prejudice

if the proposed amendment causes surprise or results in additional discovery, additional costs, or additional preparation to defend against the new facts or theories alleged. *See id.* "Thus, while bearing in mind the liberal pleading philosophy of the federal rules, the question of undue delay requires that we focus on the movant's reasons for not amending sooner .... [Moreover,] [t]he issue of prejudice requires that we focus on the hardship to the [non-movant] if the amendment were permitted." *Id.* (internal citations omitted).

Further, if "a party moves for leave to amend the pleadings after a deadline imposed by a Scheduling Order, Rule 16 of the Federal Rules of Civil Procedure is implicated." *WebXchange Inc. v. Dell Inc.*, 2010 WL 256547, at *2 (D. Del. Jan. 20, 2010). Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." "Good cause" exists when the imposed schedule "cannot reasonably be met despite the diligence of the party seeking the extension." *ICU Med. Inc. v. Rymed Techs., Inc.*, 674 F. Supp. 2d 574, 577 (D. Del. 2009). "In contrast to Rule 15(a), the good cause standard under Rule 16(b) hinges on the diligence of the movant, and not on prejudice to the non-moving party." *Requette Freres v. SPI Pharma, Inc.*, 2009 WL 1444835, at *4 (D. Del. May 21, 2009).

## IV. DISCUSSION

Plaintiff's argument for adding TDM as a defendant is premised on a theory of successor liability. The Third Circuit has identified "three principal factors applicable to successor liability in the employment discrimination field: (1) continuity in operations and work force of the successor and predecessor employers; (2) notice to the successor-employer of its predecessor's legal obligation; and (3) ability of the predecessor to provide adequate relief directly." *Brzozowski v. Corr. Physician Servs.*, 360 F.3d 173, 178 (3d Cir. 2004) (internal citation

3

omitted). Here, Plaintiff argues all three factors favor a finding of successor liability.

According to Plaintiff, TDM has continued the operations of Avantix, which is evident from the fact that both companies provide identical services to pharmaceutical companies, Shum holds the same position at TDM which he held at Avantix, Shum credits himself as the founder of both companies, and TDM began operation at the instant Avantix shut down. Plaintiff contends that TDM had notice of Avantix's potential obligation arising from this lawsuit since Shum, TDM's executive director, had notice of the lawsuit from its inception. Last, Plaintiff asserts that Avantix cannot provide adequate relief to Plaintiff were she to prevail.

Plaintiff also argues that Avantix and TDM will suffer no prejudice if the motion is granted because the liability case focuses on the actions of Avantix, not TDM, and TDM can assert no new defense to the claims against Avantix; therefore, no additional discovery is necessary. Finally, since Plaintiff believes TDM is a necessary party pursuant to Rule 19(a)(1)(A), she argues that the Court should grant her leave to amend the Complaint under Rule 15(a)(2) (i.e., "justice so requires").

TDM primarily raises a procedural argument against Plaintiff's motion, contending that Plaintiff has failed to show good cause, pursuant to Rule 16(b), for modifying the Scheduling Order. The focus of the good cause analysis is the diligence of the movant, and TDM argues that, by waiting over two years from learning of Avantix's dissolution and the establishment of TDM, Plaintiff exhibited a complete lack of diligence. Even applying the more lenient standard under Rule 15(a), TDM argues, leave to amend should be denied because the unexplained twenty-six month delay is undue and TDM will suffer undue prejudice through its inability to have participated in discovery or motions practice.

4

Additionally, both TDM and Avantix argue the proposed amendment would be futile – i.e., the amended complaint would fail to state a claim against TDM upon which relief could be granted – further requiring denial of the motion. This is so, Defendants contend, because the doctrine of laches bars the claim against TDM. In Defendants' view, Plaintiff's delay in raising the claim against TDM is inexcusable – indeed, presumptively so as a ninety-day Title VII filing period has expired – and Defendants would be severely prejudiced if the amendment is allowed following this delay. Plaintiff responds that the delay is justifiable because it was largely due to Defendants' failure to supply timely discovery on the successor liability issue and the parties' agreement to attempt to mediate the case. Plaintiff also reiterates that neither Defendant will be prejudiced: Avantix concedes it is ready for trial and TDM needs no discovery on the successor issue because it has access to all the necessary information and personnel (i.e., it is all internal information).

Avantix also asserts Plaintiff has failed to establish any of the factors relevant to the successor liability analysis: transfer of any asserts from Avantix to TDM, continuity of operations or work force between the two entities, notice to TDM of potential legal obligations on its part, or inability by Avantix to provide adequate relief to Plaintiff were she to prevail on her claim. Avantix attempts to distinguish the operations of the two entities, pointing out that TDM does not service the majority of Avantix's former clients. Also, Avantix did research and development on drugs still in the development stage, while TDM does research on drugs that are already approved by the Food and Drug Administration ("FDA"). Avantix indicates that only three Avantix employees (including Shum) moved over to TDM. Avantix further underscores that there was no sale of Avantix to TDM, none of Avantix's equipment is owned or used by

5

TDM, none of Avantix's contracts were assumed by TDM, and Avantix did not fund TDM in any way. Finally, Avantix argues that the similarities and links between Avantix's and TDM's websites were due to "a simple technical error" which is being corrected. Plaintiff responds that even the current TDM website indicates TDM provides services identical to Avantix and does not indicate that TDM's services are limited to FDA approved drugs. Plaintiff also asserts that Avantix was operational as late as April of 2010.

Since the Scheduling Order made amended pleadings due by March 31, 2008 (D.I. 12), Plaintiff's motion is governed by the "good cause" standard of Rule 16(b). The Court finds that Plaintiff has made a showing of good cause and will, therefore, grant the motion. Plaintiff demonstrated sufficient diligence. Throughout the discovery period, Plaintiff diligently sought discovery on the successor liability issue, including by filing two motions to compel. (*See* D.I. 48; D.I. 51) Plaintiff was also somewhat justified in delaying the instant motion given the parties' interest in attempting mediation.

Also, applying the Rule 15 standard, for the reasons just stated, the Court finds no undue delay. The Court also finds no undue prejudice to either Avantix or TDM. Avantix concedes it is ready for trial and TDM has not identified further discovery it requires.

Finally, the Court does not find the proposed amendment futile. As an initial matter, Plaintiff has made a sufficient showing of successor liability to warrant the amendment. There are strong similarities between Avantix and TDM. Shum plays the same role at both companies and has touted himself as the founder of both. The descriptions of both companies provided on their respective websites are identical. Additionally, until recently, TDM described itself as formerly being Avantix. A substantial percentage of Avantix's workforce (three out of five

6

employees) immediately joined TDM upon Avantix's alleged closure. (D.I. 77-1 at 2) Also, TDM continues to service at least one of Avantix's major customers, Novartis. The distinctions Avantix tries to draw between the two entities are unpersuasive.[3] The Court also finds that TDM, through Shum, had sufficient notice of Plaintiff's claim. Last, in deposition, Avantix admitted that it has no assets, making it unable to provide Plaintiff adequate relief were she to prevail. (D.I. 69, Ex. B at 10-11, 183-85)

Finally, the Court is unpersuaded that laches bars Plaintiff's claim against TDM. Plaintiff has rebutted any presumption of undue delay; the delay in asserting the claim against TDM was excusable since it resulted from protracted discovery disputes and the anticipation of settlement negotiations. Further, as stated above, the Court does not believe that Defendants will suffer undue prejudice.

In sum, the Court finds it proper to grant Plaintiff's motion for leave to add TDM as a defendant. An appropriate Order follows.

---

[3] In the "Our Company" section of its website, TDM indicates that its "experience in the [pharmaceutical] industry allows [it] to be familiar with every aspect of the drug development process." TDM PHARMACEUTICAL RESEARCH, LLC, http://www.tdmrxresearch.com/company/ (last visited Mar. 29, 2011). This statement belies the assertion that TDM only works on FDA approved drugs. Further, Plaintiff alleges that, while at Avantix, she worked on FDA approved drugs, contradicting Avantix's position that Avantix only worked on unapproved products.