## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

LYNN FREDERICK,                          :
                                     :
      Plaintiff,      :
                                     :
   v.                         :    Civ. No. 07-677-LPS
                                     :
AVANTIX LABORATORIES, INC.,              :
et al.,                                  :
                                     :
      Defendants.     :

---

Lynn Frederick, Williamstown, New Jersey, Pro Se Plaintiff.

Avantix Laboratories, Inc., Linyee Shum, and TDM Pharmaceutical Research, LLC, Newark, Delaware.  Pro Se Defendants.

## MEMORANDUM OPINION

March 14, 2017
Wilmington, Delaware

STARK, U.S. District Judge:

## I.    INTRODUCTION

Plaintiff Lynn Frederick ("Plaintiff"), who was previously represented by counsel, filed this

employment discrimination action in 2007. She now proceeds *pro se*. The Court has jurisdiction

pursuant to 28 U.S.C. § 1331. Presently before the Court is Plaintiff's unopposed request to enforce

judgment, which is construed as a motion to enforce judgment. (D.I. 110)

## II.    BACKGROUND

On October 13, 2011, the Court was advised that the parties had reached a settlement in this

matter. (*See* D.I. 99) The Court entered a stipulation and order of dismissal on October 14, 2011,

which states, "[t]he parties by and through underlying counsel [] stipulate to the dismissal with

prejudice of this civil action with each party to bear their own fees and costs pursuant to the

settlement stipulations and releases executed by the parties on or before July 1, 2011." (D.I. 100)

Plaintiff is referred to as Releasor in the release and settlement agreement and Releasees include

Avantix Laboratories, Inc. ("Avantix"), Linyee Shum ("Shum"), Daphne Shum ("D. Shum"), and

TDM Pharmaceutical Research LLC ("TDM Pharmaceutical"). Releasees/Defendants were

represented by counsel.

The confidential release and settlement agreement provides for a $60,000 payment, as

follows:

> Payment of $25,000 within thirty days of receipt of the fully executed
> Settlement Agreement . . . . Payment of $35,000 in monthly
> installments of $600.00 payable to [Plaintiff], commencing sixty days
> after receipt of the fully executed Settlement Agreement. The
> monthly installments shall be paid on the first of each month for
> twenty four months, except that a balloon payment of $8,400.00 shall
> be paid on the 12th month and $13,400 on the 24th month. Interest
> shall not accumulate during the payment period. . . . . Plaintiff has
> agreed to accept less than $60,000 in full settlement of this matter
> under certain circumstances. If the aggregate amount of payments

> made on or before December 31, 2011 is $50,000, plaintiff shall
> accept same in full settlement of all claims and Plaintiff waives any
> claim to additional payment.  If the aggregate amount of payments
> made on or before December 31, 2012 is $55,000, plaintiff shall
> accept same in full settlement of all claims and Plaintiff waives any
> claim to additional payment.

(D.I. 114 at Ex. A at ¶ 3)

Defendants made the initial $25,000.00 payment and made fairly regular monthly payments of $600.00 from October 1, 2011 through May 1, 2014, totaling $42,400.00.[1]  (D.I. 114 at Ex. C) Defendants did not make either balloon payment.  (D.I. 110 at ¶ 7)  No payments have been made since May 2014.  (D.I. 114 at Ex. C)  In January 2015, Plaintiff sent letters to Shum and TDM Pharmaceutical at home and business addresses.  (D.I. 110 at ¶ 10)  The letter to Shum's home address was returned  as "unclaimed unable to forward."  (D.I. 114 at Ex. D)  Plaintiff received a signed receipt of delivery from TDM Pharmaceutical.  (D.I. 110 at ¶ 10)  Plaintiff's letter to TDM Pharmaceutical asked for a written response no later than February 15, 2015.  (*Id.* at ¶ 12)  TDM Pharmaceutical did not respond to the letter.

Plaintiff filed her first motion to enforce judgment on June 24, 2015.  (D.I. 101)  On October 20, 2015, the Court ordered the parties to submit a joint status report.  (D.I. 103) Thereafter, the Court was advised by Plaintiff's former attorney and the former attorney for Defendants Avantix and Linyee Shum ("Shum") that they no longer represented Plaintiff and Defendants.  (D.I. 104, 105)  Former defense counsel advised the Court that, "[a]s a courtesy, our office has forwarded Plaintiff's motion to enforce judgment to Avantix as well as notified Avantix's last known principal, Mr. Shum of the status report date and advised that if they intend to oppose

---

[1]Defendants did not make a payment in August 2013, although they sent a replacement check in October 2013; the check for September 2013 bounced; and the checks Plaintiff received for December 2013 and January 2014 payments were not signed.  (D.I. 114 at Ex. C)

Plaintiff's motion that they seek representation." (D.I .105)  Following Plaintiff's March 2016

correspondence with the Court regarding the status of her motion, the Court denied the motion to

enforce judgment without prejudice to renew subject to proper service on Defendants at their last

known addresses. (D.I. 106, 108)  Plaintiff filed a renewed motion to enforce judgment on August

17, 2016, and service was effected upon Shum as the owner of TDM Pharmaceutical Research. (*See*

D.I. 110, 111)  To date, Defendants have not responded to Plaintiff's motion.

## III.    LEGAL STANDARDS

Plaintiff's motion is titled as a motion to enforce judgment but it appears that she seeks to

enforce the settlement agreement entered into by the parties. A district court has jurisdiction to

enforce a settlement agreement entered into by litigants in a case pending before it. *See Leonard v.

University of Delaware*, 204 F. Supp. 2d 784, 786 (D. Del. 2002). "An agreement to settle a lawsuit,

voluntarily entered into, is binding upon the parties, whether or not made in the presence of the

court, and even in the absence of a writing." *Green v. John H. Lewis & Co.*, 436 F.2d 389, 390 (3d Cir.

1970). The validity of settlement agreements is governed by state contract law. *See Shell's Disposal

and Recycling, Inc. v. City of Lancaster*, 504 F. App'x 194, 200 (3d Cir. Nov. 16, 2012).

A motion to enforce a settlement agreement closely resembles a motion for summary

judgment and employs a similar standard of review. *Parker–Hannifin Corp. v. Schlegel Elec. Materials,

Inc.*, 589 F. Supp. 2d 457, 461 (D. Del. 2008). Therefore, a court may grant enforcement only if "the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that . . . the moving party is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(c). The court will "view the underlying facts and all reasonable inferences therefrom in

the light most favorable to the party opposing the motion." *Pennsylvania Coal Ass'n v. Babbitt*, 63 F

.3d 231, 236 (3d Cir. 1995). The mere existence of some evidence in support of the nonmoving

3

party, however, will not be sufficient for denial of a motion for enforcement; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

## IV.   DISCUSSION

When parties agree to settle a lawsuit, a binding contract is deemed to have been created. *See Rohm & Haas Elec. Materials, LLC v. Honeywell Int'l, Inc.*, 2009 WL 1033651, at *5 (D. Del. Apr. 16, 2009). To determine whether a contract was formed, the parties' "overt manifestation of assent – not subjective intent – controls" the result. *Id.* "Under Delaware law a contract comes into existence if a reasonable person would conclude, based on the objective manifestations of assent and the surrounding circumstances, that the parties intended to be bound by their agreement on all essential terms." *Id.* (internal quotation marks and citation omitted). The test for determining whether all essential terms have been agreed upon is "whether a reasonable negotiator in the position of one asserting the existence of a contract would have concluded, in that setting that the agreement reached constituted agreement on all of the terms that the parties themselves regarded as essential and thus that the agreement concluded the negotiations." *Parker–Hannifin*, 589 F. Supp. 2d at 461. Accordingly, whether an enforceable settlement exists requires the Court to determine, first, whether the requisite offer, acceptance, and consideration were present; and, second, whether an objective reasonable negotiator, in light of all the circumstances, would conclude that the parties were bound. *See id.* at 461-62. The second inquiry is a case-by-case inquiry without any mechanical guidelines. *See id.*

Here, it is undisputed that the requirements of a requisite offer, acceptance, and consideration are present. Second, it is undisputed that the release and settlement resolved all the issues among the parties. Indeed, there is a valid settlement agreement, and Defendants regularly complied with the agreement's terms until May 2014, when it stopped making payments. It is

4

further undisputed that Defendants have not paid the settlement amount agreed upon, and they have not fully complied with the terms of the settlement agreement. Upon consideration of the motion, the fact that Defendants have notice of the motion, the lack of response by Defendants, and the undisputed facts, the Court will grant Plaintiff's motion.

## V.    CONCLUSION

For the above reasons, the Court will grant Plaintiff's motion to enforce judgment. (D.I. 110) An appropriate Order will be entered.