IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

LYNN FREDERICK,                    :
                                   :
         Plaintiff,                :
                                   :
    v.                             :    Civ. No. 07-677-LPS
                                   :
AVANTIX LABORATORIES, INC.,        :
et al.,                            :
                                   :
         Defendants.               :

Lynn Frederick, Williamstown, New Jersey, Pro Se Plaintiff.

Avantix Laboratories, Inc., Linyee Shum, and TDM Pharmaceutical Research, LLC, Newark, Delaware. Pro Se Defendants.

**MEMORANDUM OPINION**

March 20, 2018
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Lynn Frederick ("Plaintiff"), who was represented by counsel and now proceeds *pro se*, filed this employment discrimination action in 2007. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. Presently before the Court are Plaintiff's requests for collection of judgment. (D.I. 119, 120)

## II. BACKGROUND

On October 13, 2011, the parties advised the Court that they had reached a settlement and, in turn, a stipulation and order of dismissal was entered on October 14, 2011. (*See* D.I. 99, 100) Defendants regularly complied with the terms of the settlement agreement until 2014, when they stopped making payments to Plaintiff. As a result, Plaintiff sought relief from the Court. On March 14, 2017, the Court granted Plaintiff's motion, titled as a motion to enforce judgment, which sought to enforce the settlement agreement entered into by the parties. (D.I. 115, 116) On March 17, 2017, the Court entered judgment in favor of Plaintiff and against Defendants in the amount of $17,600 plus post-judgment interest to accrue from the date of the order, pursuant to 28 U.S.C. § 1961.

On May 12 and November 6, 2017, Plaintiff filed requests for collection of judgment. (D.I. 119, 120) Plaintiff states that Defendants have not responded to the March 14, 2017 Order that set forth the terms of payment and asks the Court to seek collection of March 17, 2017 judgment.

## III. LEGAL STANDARDS

Federal Rules of Civil Procedure 69(a) provides as follows:

> (a) In General.
>
> (1) Money Judgment; Applicable Procedure. A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution – and in proceedings supplementary to

1

and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

(2) Obtaining Discovery. In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located.

This Court's Local Rules further provide, "[p]roceedings on executions shall be in accordance with Fed. R. Civ. P. 69. In all cases in which a party seeks a writ of execution, the parties shall submit the completed proposed form of the writ to the Clerk." D. Del. LR 69.1.

## IV. DISCUSSION

Judgment was entered in favor of Plaintiff and against Defendants on March 17, 2017. (D.I. 117) Defendants have not satisfied the judgment. This is Plaintiff's attempt to collect on the judgment.

A judgment is a court's final determination of the rights and obligations of the parties in a case. *See Black's Law Dictionary* 388 (3d pocket ed. 2006). The Court, however, cannot guarantee that the prevailing party will collect on the judgment. Plaintiff seeks to collect on the judgment entered in her favor, but she did not follow the proper procedures when she filed the pending requests for collection of judgment. (D.I. 119, 120)

The procedures for collecting a judgment are set forth in Fed. R. Civ. P. 69 and D. Del. LR 69.1. Pursuant to Fed. R. Civ. P. 69(a), this Court's practice and procedure follows the practice of the Delaware State Courts. *See* Del. Super. Ct. Civ. P. R. 69. This procedure typically requires the filing of a motion for writ of execution, accompanied by proposed form of writ of execution and a praecipe.

2

Plaintiff did not follow the correct procedures for collecting the March 17, 2017 judgment. Therefore, the Court will deny the motion without prejudice to the filing of a motion for writ of execution.

## IV. CONCLUSION

For the above reasons, the Court will deny Plaintiff's requests for collection of judgment without prejudice to the filing of a motion for writ of execution. (D.I. 119, 120)

An appropriate Order will be entered.